**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KIMBERLY HAYES, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 2:19-cv-00940-WB |
| | : | |
| v. | : | |
| | : | |
| SILVERS, LANGSAM & WEITZMAN, | : | |
| P.C. and JOHN DOES 1-5 and 6-10, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ............................................................................. 1

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 2

III.   ARGUMENT ................................................................................ 2

    A.   Summary Judgment Standard ............................................................. 2

    B.   The Firm Is Entitled To Summary Judgment On All Of Ms. Hayes' Claims Because They Rely On Unsupported Allegations of Ms. Hayes, Who Is Not Credible .............................................................................. 3

    C.   The Firm Is Entitled To Summary Judgment On Ms. Hayes' Retaliation Claim ................................................................................ 5

        1.   Ms. Hayes Cannot Prove Her Prima Facie Retaliation Case Because The Firm's Sole Decision-Maker, Dean Weitzman, Did Not Know About Any Alleged Complaints, And Therefore, Ms. Hayes Cannot Show A Causal Link Between Protected Activity And Her Termination ........................................................................ 6

        2.   Ms. Hayes Cannot Dispute The Firm's Legitimate, Non-Retaliatory Reason For Terminating Her Employment—Namely, Her Fraudulent Misrepresentations Of The Firm's Involvement In A Personal Real Estate Transaction ............................................. 9

            a.   No Reasonable Fact-Finder Could Disbelieve The Firm's Reason For Terminating Ms. Hayes ........................................... 10

            b.   Ms. Hayes Cannot Prove That An Invidious Retaliatory Reason Motivated The Firm's Decision To Terminate Her ....... 13

    D.   The Firm Is Entitled To Summary Judgment On Ms. Hayes' Hostile Work Environment Claim Because Three Discrete Incidents Of Merely Crude Comments Cannot Constitute "Severe Or Pervasive" Conduct That Would Detrimentally Affect A Reasonable Woman In Her Position ............................. 12

IV.    CONCLUSION .............................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambrose v. Twp. of Robinson, Pa.*,
   303 F.3d 488 (3d Cir. 2002)...................................................................................7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ..........................................................................................2

*Big Apple BMW, Inc. v. BMW of N. Am., Inc.*,
   974 F.2d 1358 (3d Cir. 1992)...............................................................................3

*Billet v. CIGNA Corp.*,
   940 F.2d 812 (3d Cir. 1991).................................................................................10

*Bishop v. National R.R. Passenger Corp.*,
   66 F. Supp. 2d 650 (E.D. Pa. 1999) .....................................................................14

*Brooks v. CBS Radio, Inc.*,
   342 F. App'x 771 (3d Cir. 2009) ..........................................................................13

*Brown v. DB Sales, Inc.*,
   Civ. A. No. 04-1512, 2005 WL 3591533 (E.D. Pa. Dec. 29, 2005) .........................10

*Capps v. Mondelez Global LLC*,
   147 F. Supp. 3d 327 (E.D. Pa. 2015) ...................................................................12

*Carvalho-Grevious v. Del. State Univ.*,
   851 F.3d 249 (3d Cir. 2017).................................................................................9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ..........................................................................................3

*Daniels v. School Dist. of Philadelphia*,
   776 F.3d 181 (3d Cir. 2015).................................................................................5

*Drinkwater v. Union Carbide Corp.*,
   904 F.2d 853 (3d Cir. 1990).................................................................................14

*Farager v. City of Boca Raton*,
   524 U.S. 775 (1998) ..........................................................................................13

*First Nat'l Bank of Ariz. v. Cities Serv. Co.*,
   391 U.S. 253 (1968) ..........................................................................................3

*Fuentes v. Perskie*,
    32 F.3d 759 (3d Cir. 1994) ...........................................................................................10

*Galena v. Leone*,
    638 F.3d 186 (3d Cir. 2011) ...........................................................................................2

*Gillyard v. Geithner*,
    81 F. Supp. 3d 437 (E.D. Pa. 2015) ..............................................................................7

*Harris v. Forklift Sys., Inc.*,
    510 U.S. 17 (1993) ........................................................................................................14

*Harris v. Mercy Health Corp.*,
    Civ. A. No. 97-7802, 2000 U.S. Dist. LEXIS 11228 (E.D. Pa. Aug. 10, 2000) .....................10

*Jones v. Amtrak*,
    Civ. A. No. 06-4739, 2008 U.S. Dist. LEXIS 30320 (E.D. Pa. Apr. 10, 2008) ......................8

*Klimczak v. Shoe Show Cos.*,
    420 F. Supp. 2d 376 (M.D. Pa. 2005) ............................................................................7

*Knabe v. The Boury Corp.*,
    114 F.3d 407 (3d Cir. 1997) ..........................................................................................13

*Lamb v. Montgomery Twp.*,
    Civ. A. No. 15-6759, 2016 U.S. Dist. LEXIS 177927 (E.D. Pa. Dec. 23, 2016) ...................8

*LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*,
    503 F.3d 217 (3d Cir. 2007) ..........................................................................................6

*Mandel v. M&Q Packaging Corp.*,
    706 F.3d 157 (3d Cir. 2013) ..........................................................................................13

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ......................................................................................................3

*McDonnell Douglas Corp. v. Green*,
    411 U.S. 792 (1973) ......................................................................................................5

*Miller v. Thomas Jefferson Univ. Hosp.*,
    908 F. Supp. 2d 639 (E.D. Pa. 2012) ............................................................................2

*Moore v. City of Phila.*,
    461 F.3d 331 (3d Cir. 2006) ..........................................................................................7

*Schaar v. Lehigh Valley Health Serv., Inc.*,
    732 F. Supp. 2d 490 (E.D. Pa. 2010) ............................................................................3

*Selvato v. SEPTA*,
    143 F. Supp. 3d 257 (E.D. Pa. 2015) ...................................................................8

*Sessoms v. Trustees of Univ. of Pennsylvania*,
    739 F. App'x 84 (3d Cir. 2018) .......................................................................14

*Sherrod v. Phila. Gas Works*,
    57 F. App'x. 68 (3d Cir. 2003) .......................................................................14

*Simpson v. Kay Jewelers*,
    142 F.3d 639 (3d Cir. 1998)...........................................................................12

*Swanson v. Nw. Human Servs., Inc.*,
    Civ. A. No. 05–3054, 2006 WL 3354145 (E.D. Pa. Nov. 30, 2006)......................15

*Thompkins v. Mercy Phila. Hosp.*,
    No. 10-2188, 2010 WL 3719099 (E.D. Pa. Sept. 20, 2010) ................................13

*Torres v. Deblasis*,
    959 F. Supp.2d 772 (E.D. Pa. 2013) ................................................................13

*Travelers Indem. Co. v. Stedman*,
    910 F.Supp. 203 (E.D. Pa. 1995) .....................................................................3

*United States v. Green*,
    617 F.3d 233 (3d Cir. 2010)..............................................................................4

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*,
    570 U.S. 338 (2013)......................................................................................12

*UPMC Health Sys. v. Metro. Life Ins. Co.*,
    391 F.3d 497 (3d Cir. 2004)..............................................................................3

*Waggaman v. Villanova Univ.*,
    Civ. A. No. 04-447, 2008 U.S. Dist. LEXIS 67254 (E.D. Pa. Sept. 3, 2008) ...........7

**Other Authorities**

Fed. R. Civ. P. 56(a) ...........................................................................................2

Defendant Silvers, Langsam & Weitzman, P.C. ("the Firm") submits this Memorandum of Law in support of its Motion for Summary Judgment as to all claims asserted by Plaintiff Kimberly Hayes ("Ms. Hayes").

## I.      INTRODUCTION

The Firm ended Ms. Hayes' employment as a paralegal in March 2018 after learning that she had misrepresented to financial institutions, and potentially others, that the Firm represented a party in a real estate transaction involving her live-in boyfriend and friends (the "Real Estate Transaction"), without its permission.  Ms. Hayes now claims, under Title VII of the Civil Rights Act of 1964 ("Title VII"), that the Firm sexually harassed her during her employment and terminated her in retaliation for making complaints about such harassment—and not for her fraudulent misrepresentations about the Firm's involvement in the Real Estate Transaction.

Ms. Hayes' claims are fabricated.  At her deposition, she testified to two occasions, consisting of three total comments, on which Firm employees[1] made sex-related comments to her. She further testified that she complained about those occasions to the Firm's lead paralegal and receptionist, but has no basis upon which to believe that the Firm's sole shareholder and decision-maker knew about such alleged complaints before her termination.  Ms. Hayes relies only on her testimony in support each of her claims:  Firm witnesses directly contradicted her statements that she was harassed and that she complained about such harassment, and Ms. Hayes has no corroborating evidence supporting her claims.

Notwithstanding the insufficiency of her evidence, Ms. Hayes' claims fail as a matter of law.  Three unrelated non-physical, non-threatening, and merely teasing comments are not severe

---

[1] One of the comments testified to by Ms. Hayes was allegedly made by a Firm independent contractor.  For the purposes of this motion only, the Firm will not put this individual's employment status at issue.

or pervasive sufficient to constitute a hostile work environment under Title VII.  Moreover, a plaintiff must show that the decision-maker responsible for an adverse employment action knew of any alleged protected activity to state a claim for retaliation under Title VII, which Ms. Hayes cannot.  Finally, Ms. Hayes offered absolutely no testimony to dispute the true, sole reason for her termination: her fraud.

For these reasons, and those that follow, the Firm respectfully requests that the Court enter judgment in its favor and against Ms. Hayes, and dismiss this case in its entirety.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

The Firm incorporates by reference its Statement of Undisputed Material Facts ("SUMF") filed contemporaneously with this memorandum of law.

## III.   ARGUMENT

### A.   Summary Judgment Standard

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party; a factual dispute is material only if it might impact the outcome of the case under the governing law.  *Miller v. Thomas Jefferson Univ. Hosp.*, 908 F. Supp. 2d 639, 648 (E.D. Pa. 2012).  The court must view the evidence in the light most favorable to the non-moving party, *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011), and draw all reasonable inferences in favor of the non-moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment.  *Schaar v. Lehigh Valley Health Serv., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W.*

*Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). To survive a summary judgment motion, the nonmoving party [must] go beyond the pleadings," to show that "there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To that end, he or she must come forward with specific admissible and credible evidence supporting each element essential to his case, and "may not rest on conclusory allegations or bare assertions alone." *Travelers Indem. Co. v. Stedman*, 910 F.Supp. 203, 206 (E.D. Pa. 1995) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). Indeed, the plaintiff must present *affirmative evidence* showing a genuine issue of material fact. *Anderson*, 477 U.S. at 257 (emphasis added).

The defendant may identify an absence of a genuine issue of material fact by showing the court that there is no evidence in the record supporting the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332(1986); *UPMC Health Sys. v. Metro. Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). A mere "scintilla" of evidence in favor of the plaintiff, or evidence that is "merely colorable" or "not significantly probative" is not sufficient to defeat summary judgment. *Anderson*, 477 U.S. at 264. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 280 (1968)).

   **B.     The Firm Is Entitled To Summary Judgment On All Of Ms. Hayes' Claims Because They Rely On Unsupported Allegations of Ms. Hayes, Who Is Not Credible**

While courts must draw all reasonable inferences in favor of the non-moving party, *Anderson*, 477 U.S. at 255, such inferences must not be based on ambiguous evidence, *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Further, a party opposing summary judgment must put forward *credible* evidence to defeat a motion for summary judgment.

*Travelers*, 910 F. Supp. at 206 (emphasis added).  In that vein, a witness' credibility is always at issue and should be considered by this Court in determining whether a non-movant can successfully oppose summary judgment.  *United States v. Green*, 617 F.3d 233, 251 (3d Cir. 2010).  Ms. Hayes bases her sexual harassment and retaliation claims solely on her own deposition testimony; she has no documentary evidence to support them and no other witness corroborated her testimony that she was harassed or complained about such harassment.  However, Ms. Hayes is, simply, an incredible witness and therefore, her testimony is insufficient to defeat the Firm's motion.

On countless occasions, Ms. Hayes offered testimony that directly contradicted every other witness deposed in the case.  For example, Ms. Hayes testified that Mr. Langsam gave her permission, and even encouraged her, to indicate to financial institutions that the Firm and he represented the Estate of Terence McGregor, her late friend and former landlord, in the Real Estate Transaction.  (SUMF ¶ 46.)  Mr. Langsam testified unequivocally that he did no such thing. (SUMF ¶ 47.)  Similarly, Ms. Hayes testified to two occasions on which Firm attorney, Frank Breitman and sole, managing shareholder Dean Weitzman made comments of a sexual nature about her and in her presence.  (SUMF ¶¶ 10-12.)  Both Mr. Breitman and Mr. Weitzman testified that they did not.  (SUMF ¶¶ 14, 16.)  Likewise, Ms. Hayes testified that she complained about harassing comments to the Firm's lead paralegal, Amy Mari, Firm secretary Kaye Allen, and Firm attorney, Robert Nix.  (SUMF ¶¶ 20, 27-28, 31.)  Each of those individuals denied that such complaints ever took place.  (SUMF ¶¶ 24, 29, 32.)

Examples abound.  Ms. Hayes' testimony is rife with fabricated and unsubstantiated statements.  Ms. Hayes' testimony constitutes bare, unsupported, and conclusory allegations, and

cannot alone survive the Firm's summary judgment motion.  Consequently, this Court should grant the Firm summary judgment on all of her claims.

Regardless of whether the Court does so on this basis, the Firm is still entitled to summary judgment on each of Ms. Hayes' claims for the following reasons.

### C.     The Firm Is Entitled To Summary Judgment On Ms. Hayes' Retaliation Claim

Retaliation claims brought under Title VII are analyzed under the *McDonnell Douglas* burden-shifting framework.  *Daniels v. School Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).  Under such framework, Ms. Hayes must first prove her *prima facie* case of retaliation by showing: "(1) [that she engaged in] protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."  *Daniels*, 776 F.3d at 193 (quoting *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007)).  If she can prove her *prima facie* case, "the burden of production [of evidence] shifts to the [Firm] to present some legitimate, non-retaliatory reason for having taken the adverse action."  *Id.* (citing *Marra*, 497 F.3d at 300).  If the Firm can do so, "the burden shifts back to [Ms. Hayes] to demonstrate that 'the [Firm's] proffered explanation was false, and that retaliation was the real reason for the adverse employment action.'"  *Id.* (same).  Although the burden of producing evidence shifts back and forth, Ms. Hayes has the ultimate burden of persuasion at all times.  *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

Ms. Hayes' retaliation claim fails as a matter of law for two reasons.  *First*, Ms. Hayes cannot show that the Firm's decision-maker, Mr. Weitzman, had any knowledge of any of her alleged complaints regarding the alleged harassment she experienced.  Consequently, she cannot

prove the third prong of her *prima facie* case: that there was a causal connection between her alleged complaints and her termination.[2] *Second*, even if Ms. Hayes could prove her *prima facie* case, she cannot dispute the Firm's legitimate, non-retaliatory reason for terminating her: her fraudulent misrepresentations of the Firm's involvement in the Real Estate Transaction, which was a personal purchase of property involving her live-in boyfriend as the buyer and the estate of her late friend and former landlord as the seller. As such, the Firm is entitled to summary judgment on Ms. Hayes' retaliation claim.

> **1.   Ms. Hayes Cannot Prove Her *Prima Facie* Retaliation Case Because The Firm's Sole Decision-Maker, Dean Weitzman, Did Not Know About Any Alleged Complaints, And Therefore, Ms. Hayes Cannot Show A Causal Link Between Protected Activity And Her Termination**

In determining whether a sufficient causal connection exists between protected activity and an adverse employment action, courts consider "a broad array of evidence," including "temporal proximity, intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 232 (3d Cir. 2007) (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 284 (3d Cir. 2000)). Notwithstanding the introduction of such evidence, however, a plaintiff alleging retaliation "cannot establish that there was a causal connection without some evidence that the

---

[2] The Firm concedes that Ms. Hayes was subjected to an adverse employment action, i.e. her termination from the firm. The Firm does not concede that Ms. Hayes engaged in protected activity. Rather, the Firm acknowledges that there is a genuine dispute as to whether Ms. Hayes complained to Ms. Mari or Mr. Nix about sexual harassment. (*Compare* SUMF ¶ 20 and SUMF ¶ 31 *with* SUMF ¶ 24 and SUMF ¶ 32.) The Firm also disputes whether Ms. Hayes' alleged complaints to the Firm's secretary, Kaye, constitute protected activity under Title VII. (SUMF ¶¶ 27-28.) However, for the purposes of this motion, the Firm will demonstrate that Ms. Hayes' retaliation claim fails, *even if* Ms. Hayes engaged in activity protected by Title VII, because she cannot prove the causal connection element of her *prima facie* case, as a matter of law.

individuals responsible for the adverse action knew of the plaintiff's conduct at the time they acted." *Gillyard v. Geithner*, 81 F. Supp. 3d 437, 443 (E.D. Pa. 2015) (quoting *Daniels*, 776 F.3d at 196); *Ambrose v. Twp. of Robinson, Pa.*, 303 F.3d 488, 493 (3d Cir. 2002) (noting that to retaliate against an individual engaging in protected conduct, "the decisionmaker[] must be aware of the protected conduct"); *Moore v. City of Phila.*, 461 F.3d 331, 351 (3d Cir. 2006) (requiring that a retaliation plaintiff prove knowledge of the decision maker in addition to showing temporal proximity). "It is only intuitive that for protected conduct to be a substantial or motiving factor in a decision, the decisionmakers must be aware of the protected conduct." *Ambrose*, 303 F.3d at 493. To satisfy this requirement, at the very least, a plaintiff must be able to point to some "evidence from which the decisionmaker's knowledge of the protected activity could be reasonably inferred." *Waggaman v. Villanova Univ.*, Civ. A. No. 04-447, 2008 U.S. Dist. LEXIS 67254, at *16-17 (E.D. Pa. Sept. 3, 2008) (citing *Moore*, 461 F.3d at 351). "The absence of any evidence indicating that a decision-maker working for the employer had knowledge of a plaintiff's protected activity may provide a basis to conclude that no causal link exists." *Klimczak v. Shoe Show Cos.*, 420 F. Supp. 2d 376, 388 (M.D. Pa. 2005).

Both the Third Circuit and this Court are uniform in imposing this requirement on plaintiffs alleging their *prima facie* retaliation case. For example, in *Daniels*, the plaintiff was subjected to adverse hostile treatment by two decision-makers shortly after she engaged in protected activity. 776 F.3d at 197. However, the record reflected that the one decision-maker did not learn of the plaintiff's protected activity until two or three days after any adverse action. *Id.* Likewise, the other decision-maker testified "at his deposition that he had no knowledge of" the plaintiff's protected activity, and the plaintiff "offer[ed] nothing to rebut [that] evidence." 776 F.3d at 197. Consequently, the Third Circuit held that the plaintiff could not "establish that there was a causal

connection between her protected activities and [her] adverse action," even despite "the temporal proximity of adverse action to protected conduct." *Id.* at 197-98; *see also Moore*, 461 F.3d at 351 ("It is not reasonable for a factfinder to infer that an employer's reaction was motivated by an intent to retaliate for conduct of which the employer's decisionmaker was not aware.")

Similarly, in *Kier v. Lackland & Sons, LLC*, this Court found that the plaintiff could not prove the causal connection element of his *prima facie* retaliation case because he could "point[] to no evidence that [the decisionmaker] was privy to any discussion regarding Plaintiff's comments . . . regarding racism, let alone that he was influenced by any such event." 72 F. Supp. 3d 597, 618 (E.D. Pa. 2014); *see also Lamb v. Montgomery Twp.*, Civ. A. No. 15-6759, 2016 U.S. Dist. LEXIS 177927, at *38-39 (E.D. Pa. Dec. 23, 2016) ("Plaintiff has failed to establish the requisite causal connection between her alleged protected activity and termination because there is no record evidence that Gregan, the person who made the decision to terminate her, was aware of her involvement in Brogna and Lesinksi's claim."); *Selvato v. SEPTA*, 143 F. Supp. 3d 257, 270 (E.D. Pa. 2015) ("There is no evidence that Berman, who took Selvato's EEO complaint, ever told Lyle of the complaint's existence."); *Jones v. Amtrak*, Civ. A. No. 06-4739, 2008 U.S. Dist. LEXIS 30320, at *16-17 (E.D. Pa. Apr. 10, 2008) ("Mr. Jones has produced no evidence that Mr. Thomas Kane, the decision maker responsible for Jones' termination, knew that Mr. Jones had filed his April 17, 2006, EEOC charge.").

Here, it is undisputed that the Firm's sole decision-maker is Mr. Weitzman.  (SUMF ¶ 3.) Like the decision-maker in *Daniels*, Mr. Weitzman has provided record evidence that he had no knowledge of any alleged complaints Ms. Hayes made regarding any instances of sexual harassment at the time he made the decision to terminate Ms. Hayes' employment.  (SUMF ¶¶ 33-34.)  And like the plaintiff in *Daniels*, Ms. Hayes has failed to rebut Mr. Weitzman's testimony

that he had no such knowledge.  Indeed, Ms. Hayes herself testified that Ms. Mari never told her

that she would report Ms. Hayes' alleged complaints to Mr. Weitzman or to anyone else at the

Firm.  (SUMF ¶¶ 22-23.)  Consequently, she cannot now offer up any basis for an assertion that

she did—or that Ms. Allen, Mr. Nix, or anyone else did, for that matter.  In fact, Ms. Hayes has

not presented a single shred of evidence—testimonial or otherwise—that Mr. Weitzman had

knowledge of any alleged protected activity.  As such, she cannot establish a causal connection

between her alleged complaints and her termination.  Her *prima facie* retaliation case fails as a

matter of law on this basis.

        **2.**       **Ms. Hayes Cannot Dispute The Firm's Legitimate, Non-Retaliatory Reason For Terminating Her Employment—Namely, Her Fraudulent Misrepresentations Of The Firm's Involvement In A Personal Real Estate Transaction**

Even if Ms. Hayes can establish her *prima facie* retaliation case, in part by proving that

Mr. Weitzman *even knew* about her alleged complaints to Ms. Hayes (which she cannot), her claim

still fails because the Firm can offer a legitimate, non-retaliatory reason for her termination which

she cannot overcome.  The Firm terminated Ms. Hayes' employment solely for her fraudulently

holding out the Firm as involved in her boyfriend's purchase of real estate from her former landlord

and friend.  (SUMF ¶¶ 52-53.)

Because the Firm has offered such a non-retaliatory reason, the burden shifts back to

Ms. Hayes "to convince the factfinder both that [the Firm's] proffered explanation was false [that

is, a pretext], and that retaliation was the real reason for the adverse employment action."

*Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017) (alteration in original)

(quoting *Moore*, 461 F.3d at 342).  To do so, Ms. Hayes must point to evidence from which a

"factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or

(2) believe that an invidious [retaliatory] reason was more likely than not a . . . determinative cause

of the employer's action." *Daniels*, 776 F.3d at 198-99 (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)).  Ms. Hayes cannot meet this standard under either prong.

> ### a.     No Reasonable Fact-Finder Could Disbelieve The Firm's Reason For Terminating Ms. Hayes

The first method of establishing pretext focuses on whether a plaintiff has adduced evidence from which a fact-finder could reasonably disbelieve the defendant's articulated legitimate reasons for the challenged actions.  As the Third Circuit has explained, to discredit the employer's proffered reason, Ms. Hayes must:

> demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence' and hence infer 'that the employer did not act for [the asserted] non-[retaliatory] reasons.'

*Fuentes*, 32 F.3d at 765 (citations omitted).  Ms. Hayes maintains "the burden of casting doubt on [the Firm's] articulated reason[] for [its] employment decision.  Without some evidence to cast this doubt, this court will not intervene in an otherwise valid management decision.  To require less would be to expose to litigation every management decision impacting on a protected party." *Billet v. CIGNA Corp.*, 940 F.2d 812, 828 (3d Cir. 1991).  Ms. Hayes' mere belief that the Firm's stated reason for her termination is incredible "is insufficient, as a matter of law, to survive summary judgment." *Brown v. DB Sales, Inc.*, Civ. A. No. 04-1512, 2005 WL 3591533, at *11 (E.D. Pa. Dec. 29, 2005); *see also Billet*, 940 F.2d at 828 (3d. Cir. 1991) ("An employer's articulated reasons are not incredible simply because the employee asserts that such is the case.").  Rather, Ms. Hayes must proffer *actual evidence* to support her claim of pretext. *Harris v. Mercy Health Corp.*, Civ. A. No. 97-7802, 2000 U.S. Dist. LEXIS 11228, at *28 (E.D. Pa. Aug. 10, 2000) (finding plaintiff's unsupported allegations insufficient to avoid summary judgment where he

"offer[ed] no evidence suggesting that defendant's asserted reasons for its actions . . . were either objectively false or merely pretextual.").

Ms. Hayes has no evidence casting doubt on the Firm's stated reason for terminating her—its discovery of her fraud.  Quite the opposite; Ms. Hayes herself testified that Mr. Weitzman, the sole decision-maker responsible for termination, *clearly* stated to her that her employment was terminated for her representations of the Firm in connection with the Real Estate Transaction. (SUMF ¶ 53.)  Ms. Hayes has not pointed to, and cannot point to, *any* evidence indicating that such reason is "unworthy of credence," *Fuentes*, 32 F.3d at 765, other than her subjective, legally insufficient belief.  Ms. Hayes may argue that the Firm knew about the Real Estate Transaction and allowed her to indicate its involvement in it to show an inconsistency in the Firm's stated reason for its termination.  However, such an argument is belied by Ms. Hayes' own testimony stating that, when she made statements to the bank that Mr. Langsam and the Firm represented Mr. McGregor's Estate, she *knew* that the statements were false.  (SUMF ¶ 48-51.)  Moreover, despite the fact that Ms. Hayes testified that Mr. Langsam instructed her to indicate to the bank that he and the Firm represented Mr. McGregor's Estate (which Mr. Langsam vigorously denies (SUMF ¶ 47)), Ms. Hayes has presented no evidence whatsoever that *Mr. Weitzman*, the Firm's sole decision-maker, had any prior knowledge of the Real Estate Transaction or any alleged instruction to indicate the Firm's involvement therein.  Consequently, Ms. Hayes cannot show any reason to doubt *Mr. Weitzman's* rationale for making the termination decision.

Ms. Hayes cannot demonstrate any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" undermining the Firm's stated non-retaliatory reason.  *Fuentes*, 32 F.3d at 765.  Accordingly, Ms. Hayes fails to provide a basis from which a reasonable factfinder

could disbelieve the Firm's stated legitimate, non-retaliatory reason for her termination, and her claim of pretext fails.

> **b.     Ms. Hayes Cannot Prove That An Invidious Retaliatory Reason Motivated The Firm's Decision To Terminate Her**

For the second method of proving pretext under *Fuentes*, Ms. Hayes' ultimate burden is to prove that retaliatory animus was the "but-for" cause of the adverse employment action.  *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013).  Essentially, Ms. Hayes must show that the termination of her employment "would not have occurred in the absence of—that is, but for—[the Firm's retaliatory] conduct."  *See Carvalho-Grevious*, 851 F.3d at 258 (citing *Nassar*, 570 U.S. at 352).  To do so, Ms. Hayes "must point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence" that the employer harbored a retaliatory animus. *Simpson v. Kay Jewelers*, 142 F.3d 639, 644-645 (3d Cir. 1998).  For example, Ms. Hayes could prove pretext under this prong by showing that the Firm had previously retaliated against her or that it had previously "treated more favorably similarly situated persons," i.e. others who have engaged in protected activity.  *Capps v. Mondelez Global LLC*, 147 F. Supp. 3d 327, 338 (E.D. Pa. 2015).  Ms. Hayes cannot establish that the Firm was motivated by an invidious retaliatory reason.  She has proffered no evidence that the Firm ever retaliated against her or any other employee for complaining—about harassment or on any other protected bases.  Her inability to do so is fatal to her claim of pretext under *Fuentes*' second pretext method.

Ms. Hayes cannot point to *any* evidence in the record demonstrating that the Firm stated reason for her termination was a mere pretext.  Consequently, the Firm is entitled to summary judgment on her retaliation claim.

**D.    The Firm Is Entitled To Summary Judgment On Ms. Hayes' Hostile Work Environment Claim Because Three Discrete Incidents Of Merely Crude Comments Cannot Constitute "Severe Or Pervasive" Conduct That Would Detrimentally Affect A Reasonable Woman In Her Position**

To prevail on her sexual harassment claim under Title VII, Ms. Hayes must demonstrate that (1) she suffered intentional harassment because of her sex; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected her; (4) the harassment would detrimentally affect a reasonable woman in her position; and (5) *respondeat superior* liability exists. *Knabe v. The Boury Corp.*, 114 F.3d 407, 410 (3d Cir. 1997). Ms. Hayes claim fails because she cannot establish that the conduct she complains of was severe or pervasive such that a reasonable woman in her position would have been detrimentally affected.

The "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a 'general civility code.'" *Farager v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quoting *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998)). To establish the second and fourth prongs[3] of her claim, Ms. Hayes must show "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment." *Thompkins v. Mercy Phila. Hosp.*, No. 10-2188, 2010 WL 3719099, at *2 (E.D. Pa. Sept. 20, 2010); *Torres v. Deblasis*, 959 F. Supp.2d 772, 782 (E.D. Pa. 2013) (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). In evaluating whether conduct is sufficiently severe or pervasive, courts "must consider the totality of the circumstances, rather than parse out the individual incidents." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, (3d Cir.

---

[3] Courts frequently analyze the second, third and fourth prongs of a hostile work environment claim concurrently. *Brooks v. CBS Radio, Inc.*, 342 F. App'x 771, 776 n.5 (3d Cir. 2009) ("Given that the second prong, the 'severe or pervasive' element, includes both an objective and subjective inquiry, this requirement substantially overlaps with the third and fourth elements of this Circuit's hostile work environment claim[.]")

2013).  They should look to factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Courts often view non-physical, non-threatening comments as insufficient to meet plaintiffs' burden.  *See Sherrod v. Phila. Gas Works*, 57 F. App'x. 68, 76 (3d Cir. 2003) (discrimination not pervasive or severe where the statements to plaintiff were "not physically threatening or humiliating"); *Selvato*, 143 F. Supp. 3d at 266 ("Even assuming Stevens' two non-threatening, non-physical comments were motivated by Selvato's gender, the Court finds that they were not sufficiently severe or pervasive to establish a *prima facie* hostile work environment."). "[S]imple teasing, offhand comments, and [most] isolated incidents" are similarly not enough. *Faragher*, 524 U.S. at 788 (internal quotations omitted).  Neither are "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing." *Id.* (internal quotations omitted); *see also Bishop v. National R.R. Passenger Corp.*, 66 F. Supp. 2d 650, 663 (E.D. Pa. 1999) ("At most, during the statutory period, each Plaintiff was on occasion made to feel uncomfortable and annoyed. None of Mr. Platt's behaviors toward the Plaintiffs altered the terms or conditions of employment, as clearly required for a hostile environment claim.").  Further, while individual incidents are not to be parsed out, only one or a few discrete incidents are rarely sufficiently severe or pervasive to alter conditions of employment. *Sessoms v. Trustees of Univ. of Pennsylvania*, 739 F. App'x 84, 90 (3d Cir. 2018) (holding that a one-off incident, "while inappropriate and unwelcome, was not so egregious as to amount to 'a change in the terms and conditions of employment'") (quoting *Castleberry v. STI Grp.*, 863 F3d 259, 264 (3d Cir. 2017)); *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 863 (3d Cir. 1990)

(noting that hostile work environment claims "must demonstrate a continuous period of harassment, and two comments do not create [such] an atmosphere."); *Lamb*, 2016 U.S. Dist. LEXIS 177927, at *28 (granting defendant summary judgment where the plaintiff "identified one incident of harassment overtly based on sex during the limitations period[.]").

This Court has consistently held the standard for proving severe or pervasive conduct to be exceedingly high, even finding incidents of physical and inappropriate touching to be insufficient to be actionable. For example, in *Saidu-Kamara v. Parkway Corp.*, the plaintiff alleged that her supervisor: 1) touched her breast, told her that she looked "fresh," and propositioned her to join him later that evening; (2) made suggestive comments about her eyes and offered his financial assistance if she would go out with him; (3) removed a bottle of wine from his pants, offered her a drink and asked her to join him at a hotel where they could have a "good time;" (4) patted her on the breast and buttocks after complimenting her on her work; and (5) continually made annoying or harassing comments about her refusal to let him help her financial situation. 155 F. Supp. 2d 436, 439-40 (E.D. Pa. 2001). Despite all of these incidents, this Court granted the employer summary judgment, reasoning that, "[w]hile [the supervisor's] purported behavior [was] loathsome and inappropriate, Plaintiff [] at best demonstrated sporadic and isolated incidents of harassment." *Id.*

*Saidu-Kamara* is not the exception—it is the rule. *See, e.g.*, *Swanson v. Nw. Human Servs., Inc.*, Civ. A. No. 05–3054, 2006 WL 3354145, at *3 (E.D. Pa. Nov. 30, 2006) (finding that no hostile work environment was created where defendant told plaintiff he looked good in his jeans, grabbed his buttocks and asked him on dates over a two month period); *McGraw v. Wyeth-Ayerst Labs.*, Inc., Civ. A No. 96-5780, 1997 WL 799437, at *6 (E.D. Pa. Dec. 30, 1997) (supervisor's repeated requests for a date, kissing plaintiff without her consent, "forcing his tongue into her

mouth" on one occasion, and touching plaintiff's face not severe enough to create hostile work environment);

Ms. Hayes cannot demonstrate that any alleged conduct of Firm employees constituted sufficiently severe or pervasive harassment.  In her deposition, Ms. Hayes testified that there were only two alleged discrete incidents of harassment, consisting of three total statements:

> Q.  Okay.  So if I understand it, there were three comments that were made?"
>
> A.  Yes.
>
> Q.  And that's the basis of the lawsuit [] which you're bringing against Silvers, Langsam & Weitzman?
>
> A.  Yes.

(SUMF ¶ 18.)  These alleged incidents consisted of (1) Information Technology independent contractor, Todd Fiore commenting that Ms. Hayes "had a nice ass," to which attorney, Frank Breitman responded by stating "the things that he would do to it," and that he would like to see Ms. Hayes have sex with another woman; and (2) Mr. Weitzman stating that he had "something sexy to look at," when Ms. Hayes moved her desk to a location in front of Mr. Weitzman's office. (SUMF ¶ 10-12, 15.)   Ms. Hayes testified that she could not remember any other harassing behavior by anyone else within the Firm.  (SUMF ¶ 19.)

These three comments simply cannot, as a matter of law, constitute severe or pervasive conduct.  A few discrete comments alone, as opposed to a continuous course of conduct, are not sufficiently pervasiveness to be actionable.  *See Drinkwater*, 904 F.2d at 863; *Saidu-Kamara*, 2006 WL 3354145, at *3.  Moreover, while the comments Ms. Hayes alleges could have been taken as unwelcome and annoying at most (like those at issue in *Bishop*), they cannot have been sufficient to have altered the terms or conditions of Ms. Hayes' employment.  66 F. Supp. 2d at 663.  This

conclusion is bolstered by the fact that Ms. Hayes makes no allegations regarding physical acts taken towards her, or any violent or threatening statements. *Sherrod*, 57 F. App'x. at 76; *Selvato*, 143 F. Supp. 3d at 266. The acts Ms. Hayes alleges are a far cry from the type of conduct at issue in *Saidu-Kamara*, *Swanson*, or *McGraw*. This Court granted summary judgment on the plaintiffs' hostile work environment claims in each of those cases. It should do so here as well.

## IV.      CONCLUSION

The Firm neither sexually harassed Ms. Hayes nor retaliated against her for complaining about sexual harassment. The Firm is entitled to summary judgment on Ms. Hayes' retaliation claim because Mr. Weitzman had no knowledge of any alleged complaints about sexual harassment and, even if he did, Ms. Hayes cannot properly dispute that the Firm solely terminated her employment because of her fraudulent misrepresentations regarding the Firm's involvement in her lover and friends' Real Estate Transaction. Likewise, the Firm is entitled to summary judgment on Ms. Hayes' sexual harassment claim because the three alleged harassing comments to which Ms. Hayes testified are not sufficiently severe or pervasive to constitute an actionable hostile work environment. Accordingly, the Firm respectfully requests that the Court enter judgment in its favor and against Ms. Hayes, and dismiss this case with prejudice.

*/s/ Richard R. Harris*

Richard R. Harris (PA # 84897)
Max O. Bernstein (PA # 325405)
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
(267) 402-3033 (t)
(267) 402-3131 (f)
RHarris@littler.com
MOBernstein@littler.com

*Attorneys for Defendants*

Dated: January 17, 2019

<u>**CERTIFICATE OF SERVICE**</u>

I, Richard R. Harris, hereby certify that on this 17th day of January 2020, the foregoing

Defendant's Motion for Summary Judgment was filed using the Eastern District of Pennsylvania's

ECF system, through which this document is available for viewing and downloading, causing a

notice of electronic filing to be served upon all counsel of record.

/s/ *Richard R. Harris*
Richard R. Harris

Dated: January 17, 2020