**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KIMBERLY HAYES,**<br>        **Plaintiff,** | **CIVIL ACTION** |
| v. | |
| **SILVERS, LANGSAM & WEITZMAN,**<br>**P.C. AND JOHN DOES 1-5 AND 6-10,**<br>        **Defendants.** | **NO.  19-940** |

## MEMORANDUM OPINION

Defendant Silvers, Langsam & Weitzman, P.C. ("the Firm" or "Defendant") moves for summary judgment on Plaintiff Kimberly Hayes's sexual harassment claims. For the reasons that follow, Defendant's motion will be denied.

### I. BACKGROUND

Hayes worked as a paralegal at the Firm for two months, beginning on January 8, 2018. Hayes asserts that, as an employee of the Firm, she "was subjected to a hostile work environment based upon her sex on an almost weekly basis." Specifically, Hayes alleges that her supervising attorney, Frank Breitman, would near-weekly grab her by the shoulder and waist and ask, "How's my favorite girl doing?" and occasionally brush against her buttocks. In addition, Hayes identifies seven alleged instances of "unwelcome and inappropriate comments" from members of the firm: 1) Todd Fiore, the Firm's IT contractor, stating to Breitman, "Look at her, she has a nice ass," and Breitman responding, "Yeah, the things I would like to do to that;" 2) Breitman telling Hayes she was "the prettiest woman [he'd] ever laid eyes on;" 3) Breitman asking the Firm's office manager, Dina Korenberg, whether she would let him watch her have sex with a woman and then asking Hayes whether she was interested in women "because it would be hot to watch;" 4) Breitman telling Hayes "your boobs look good;" 5) Adrian Moody, an attorney at the

Firm, telling Hayes, "How are you a white girl, you have a big black booty?;" 6) Korenberg telling Hayes to dress more like another paralegal who wore low cut shirts; and 7) Dean Weitzman, the Firm's managing partner, saying "That's what I like to see, now I have something sexy to look at," after Hayes's cubicle was moved close to his office.[1]  Hayes also asserts that when she complained to the lead paralegal about Breitman's behavior she was told "you have to get used to it."  To support her allegations, Hayes has provided copies of text messages between her and a secretary at the Firm, in which she references her coworkers' "wrong" behavior and mentions telling members of the Firm that "what they were doing wasn't right."  Additionally, a law clerk at the Firm, Erin Schofield, testified that Breitman had made her uncomfortable on two occasions—once when he commented on her looking like a "Catholic school girl," and again when he showed her a movie clip in his office and then described one of the actresses as "sexy."  Schofield's mother, who also worked at the Firm, corroborated her daughter's accounts in her own testimony.  Though Breitman and Weizman denied behaving inappropriately towards Hayes, another attorney, Robert Nix, confirmed that Hayes had complained to him about

---

[1] At her deposition, Hayes specifically described incidents 1, 3, 5-7; these incidents are also described in her interrogatory answers. In her interrogatory answers, Hayes additionally described incidents 2 and 4 and Breitman's touching; these incidents are also described in her Complaint and in an EEOC charge.  Defendant argues the Court should disregard statements supported by Hayes's Complaint, interrogatory answers and EEOC charge but not mentioned in her deposition.  Indeed, Hayes cannot rely solely on her Complaint and EEOC charge to create a genuine issue of material fact.  *See Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000) (explaining that a party must go "beyond the pleadings" to raise a genuine issue of material fact).  And, as to the EEOC charge specifically, Defendant claims it was not included in the record, and a party opposing summary judgment must rely on *record* evidence.  *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (emphasis added).

Hayes may, however, rely on information in her interrogatory answers, and that information will be credited on summary judgment.  *See Blystone v. Owens Illinois, Inc.*, 2020 WL 375886, at *2 (E.D. Pa. Jan. 22, 2020) (including "interrogatory answers" as examples of "materials in the record" which may be used to create a genuine issue of material fact).  Though Defendant asserts Hayes's deposition testimony should "trump" her interrogatory answers, Defendant cites no caselaw to support the proposition that interrogatory answers should be disfavored at summary judgment.  To the extent that there is some tension between Hayes's deposition testimony and her interrogatory answers, it is for a trier of fact to determine what occurred.  *Golden Bridge Tech., Inc. v. Apple Inc.*, 937 F. Supp.2d 504, 522 (D. Del. 2013), *adhered to on reconsideration* (Apr. 25, 2013), *aff'd*, 758 F.3d 1362 (Fed. Cir. 2014)

harassment, though he denied that the harassment had been of a sexual nature.[2]

On March 9, 2018, Hayes was terminated from the Firm on the stated belief that she had misrepresented the Firm's involvement in a real estate matter. Then, in February 2019, Hayes sued the Firm, claiming violations of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Pennsylvania Human Resources Act ("PHRA"), 43 P.S. Sec. 951, *et seq.*.[3] Defendant now moves for summary judgment on Hayes's Title VII and PHRA sexual harassment claims.

## II.    STANDARD OF REVIEW

"[S]ummary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (citations and internal quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotations and alterations omitted). "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the

---

[2] Defendant "acknowledges that there is a genuine dispute as to whether [Hayes] complained to . . . [Nix] about sexual harassment."

[3] Hayes's initially brought one count of sexual harassment and one count of retaliation under Title VII (Counts I & II) and one count of sexual harassment and one count of retaliation under the PHRA (Counts III & IV), claiming that, in addition to subjecting her to a hostile work environment, the Firm terminated her in retaliation for her complaining about sexual harassment. Defendant moved for summary judgment on all counts. Then, in her Opposition to Defendant's motion, Hayes noted that she did not oppose dismissal of the retaliation claims because she "voluntarily withdrew her claim for retaliation prior to the end of Discovery." Defendant denies that Hayes voluntarily withdrew her retaliation claims before filing her Opposition and asks the Court to dismiss Counts III & IV with prejudice.

A plaintiff may only unilaterally dismiss a claim if a notice of dismissal has been filed before the opposing party serves a motion for summary judgment; if the notice is filed after such time, dismissal may only be by court order. Fed. R. Civ. P. 41(a). Though Hayes claims in her Opposition that she voluntarily withdrew her retaliation claims before the end of discovery, no such notice appears on the record. Therefore, Counts II & IV can only be dismissed by court order, and the Court construes Hayes's acquiescence to dismissal as a request for dismissal. Counts II & IV shall be dismissed with prejudice.

non-moving party in light of his burden of proof." *Abington Friends Sch.*, 480 F.3d at 256. However, "unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to create an issue of fact and defeat summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp.2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989)).

### III. DISCUSSION

Title VII prohibits employment discrimination on the basis of sex, and the Supreme Court has interpreted Title VII as providing employees protection from a hostile work environment; sexual harassment in the workplace may create a hostile work environment and may constitute discrimination on the basis of sex. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). "To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013). As to "severity" and "pervasiveness," these "are alternative possibilities: some harassment may be severe enough to contaminate an environment even if not pervasive; other, less objectionable, conduct will contaminate the workplace only if it is pervasive." *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). Ultimately, "[w]hether an environment is hostile requires looking at the totality of the circumstances, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotations omitted). By contrast, "simple teasing, offhand comments, and isolated incidents

4

(unless extremely serious) will not amount to" a violation of Title VII. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotations and citations omitted). The same standards apply to claims under the PHRA. *See Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

Defendant advances two main arguments in favor of summary judgment. First, Defendant argues that Hayes is not credible and that her evidence is either inadmissible or insufficient to create an issue of fact. Defendant suggests that, to the extent Hayes was having issues with coworkers, these issues were not sexual in nature; Defendant also implies that Hayes fabricated her allegations in response to her termination. Second, Defendant argues that even if the things Hayes said happened, happened, she has not established a *prima facia* case of sexual harassment because "three discreet incidents of merely crude comments cannot constitute 'severe or pervasive' conduct that would detrimentally affect a reasonable woman in her position."

However, summary judgment is inappropriate in this case because there remain disputed questions of material fact. Defendant's description of Hayes's claim encapsulates this factual dispute. Defendant asserts that Hayes's claim is based on only "three . . . incidents," and it identifies these incidents as "(1) Information Technology independent contractor, Todd Fiore commenting that Ms. Hayes 'had a nice ass,' to which attorney Frank Breitman responded by stating 'the things he would do to it,' and that he would like to see Ms. Hayes have sex with another woman; (2) Mr. Weitzman stating that he had 'something sexy to look at,' when Ms. Hayes moved her desk to a location in front of Mr. Weitzman's office." Hayes, however, identifies additional incidents—Breitman's touching, Breitman's comments about her appearance, Moody's comment about her ass, and Korenberg's statement about her clothing.[4]

---

[4] Defendant acknowledges these two additional allegations in its Reply but denies that these or the other comments identified by Hayes were made; it also argues that Hayes has failed to demonstrate that Korenberg's comment was made "because of [Hayes's] sex." However, the Court declines to consider arguments raised for the first time in a Reply brief and therefore deems Defendant's argument as to whether Korenberg's comment was "because of sex"

5

Though Defendant asserts that Hayes is not credible and that none of her allegations should be believed, "it is inappropriate for a court to resolve factual disputes and to make credibility determinations" at summary judgment. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

Drawing all reasonable inferences in favor of Hayes, the Court finds that Hayes has put forth enough evidence to move ahead to trial. Hayes specifically identified at least seven discreet instances of harassing behavior, as well as repeated advances from Breitman and indifference from the lead paralegal. She also produced texts sent well before the inception of this litigation suggesting that she was having issues with attorneys at the firm.[5] Schofield's testimony about her uncomfortable interactions with Breitman likewise support Hayes's claims, and they are relevant and admissible to the extent that they are indicative of a pattern of behavior. *See Bush v. Gulf Coast Elec. Coop., Inc.*, 2015 WL 5610852, at *2 (N.D. Fla. Sept. 23, 2015) (finding evidence that defendant's employee had harassed another employee relevant to plaintiff's gender discrimination claim and admissible at trial in that it demonstrated a pattern of harassing behavior). Furthermore, Nix's testimony arguably supports Hayes's allegations as well. To the extent Defendant has an alternative explanation for Hayes's texts and her conversation with Nix—to wit, that Hayes was having problems at work but was not being

---

waived. *See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *see also In re BlackRock Mut. Funds Advisory Fee Litig.*, 327 F. Supp.3d 690, 736 n.42 (D.N.J. 2018) ("[C]ourts ordinarily decline to consider arguments raised for the first time in a reply brief. . ."). Defendant was aware of these allegations from Hayes's interrogatory answers, deposition and other filings and could have addressed them in its initial brief.

[5] Defendant claims the text messages are not admissible because "[a]t most" the texts "indicate [Hayes] believes she was treated poorly" but that "[t]here is no indication that these texts had anything to do with sexual harassment." Defendant also raises this argument for the first time on Reply, and it is accordingly waived. *See Foster Wheeler*, 26 F.3d at 398. Furthermore, Defendant's objection goes to the evidence's persuasiveness, and it is not for the Court, as a finder of law and not of fact, to weigh the evidence in this manner at this stage. *Golden Bridge Tech.*, 937 F. Supp.2d at 522) (explaining that it is not for a district court to determine the evidence's "persuasiveness" on summary judgment).

sexually harassed—it is for a trier of fact, not for the Court, to determine which scenario is more plausible.

Critically, these issues of fact are also *material*. Though Defendant asserts that the harassment Hayes experienced was not "severe or pervasive," this is not a case in which "[p]laintiff fails to assert that the alleged unwelcome sexual conduct occurr[ed] with any specific frequency or in any regular pattern," *Benny v. Com. of Pa., Dep't of Corr.*, 400 F. Supp.2d 831, 837 (W.D. Pa. 2005), *aff'd sub nom., Benny v. Pennsylvania, Dep't of Corr., State Corr. Inst. at Somerset*, 211 F. App'x 96 (3d Cir. 2006) (granting defendant's motion for summary judgment on hostile work environment claim), or where plaintiff alleges isolated instances of harassment across years or months, *see Saidu-Kamara v. Parkway Corp.*, 155 F. Supp.2d 436, 440 (E.D. Pa. 2001) (granting defendant's motion for summary judgment where plaintiff cited only "four incidents" occurring "over nearly a year and a half"); *Barnett v. Lowes Home Centers, LLC*, 2019 WL 1047496, at *11 (E.D. Pa. Mar. 5, 2019) (granting defendant's motion for summary judgment where plaintiff alleged "two comments which came seventeen months apart"). Nor has Hayes alleged "simple teasing." *See Rorke v. Toyota*, 399 F. Supp.3d 258, 279 (M.D. Pa. 2019) (finding that defendant's employee's repeated use of sexualized nicknames and questions about coworkers' sex lives exceeded simple teasing and denying defendant summary judgment). Rather, Hayes alleges she was regularly harassed and identifies at least *seven* incidents *within an eight-week period*, as well as regular unwanted touching. If true, these incidents could constitute "severe and pervasive" harassment. *See Gatter v. IKA-Works, Inc.*, 2016 WL 7338770, at *9 (E.D. Pa. Dec. 19, 2016) (denying defendant summary judgment on Title VII claim where plaintiff was harassed repeatedly over the course of twelve days, including being propositioned for sex). A reasonable jury could thus find that Hayes was subjected to a hostile work

7

environment and discrimination on the basis of sex in violation of Title VII and the PHRA.

## IV. CONCLUSION

Because material facts remain in dispute, Defendant's motion for summary judgment shall be denied.

An appropriate order follows.

February 28, 2020                           BY THE COURT:


                                                                          /s/Wendy Beetlestone, J.

                                                                          **WENDY BEETLESTONE, J.**